UNION PACIFIC RAILROAD COMPA-
NY, a corporation, Plaintiff,

v.

MADISON FOODS, INC., a
corporation, Defendant.

Civ. No. 75–0–140.

United States District Court,
D. Nebraska.

June 10, 1977.

Daniel Morisseau, Omaha, Neb., for plaintiff.

Michael O. Johanns, Lincoln, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This action was commenced by the Union Pacific Railroad Company to collect from defendant Madison Foods, Inc., certain transportation charges for material delivered by plaintiff to the defendant at Madison, Nebraska. This Court has jurisdiction by virtue of 28 U.S.C. § 1337 as it involves commodity tariffs regulated by the Interstate Commerce Commission.

The matter has been submitted to the Court for determination on stipulations of fact (Filing Nos. 9 and 12) and the briefs and oral argument of the parties. The Court is now prepared to rule on the issues presented and this opinion shall constitute the Court's findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a).

Defendant, Madison Foods, Inc., a Nebraska corporation, purchased salvage material from Minnesota Lumber and Wrecking Corporation in St. Paul, Minnesota, and caused the material to be shipped by rail from St. Paul, Minnesota, to Madison, Nebraska. Plaintiff Union Pacific Railroad Company, a Utah corporation duly authorized and engaged in the business of common carriage by rail, delivered to defendant the material shipped from St. Paul, Minnesota,

and now seeks to recover the transportation charges which remain unpaid.

The parties dispute the nature of the materials and the rate tariff applicable to the following shipments:

| CAR NO. | MATERIAL SHIPPED | GROSS WEIGHT |
| --- | --- | --- |
| MSL 23783 | valves | 1,800 |
| | tanks | 29,000 |
| | steel steps, hog polisher, chain drives, steel grating | 23,500 |
| OTTX 91426 | dehairing machine | 45,680 |
| | tanks | 21,000 |
| | valves | 9,460 |
| CNW 44505 | tanks | 30,800 |
| CGW 71010 | pipe | 92,400 |
| BO 352905 | dehairing machine | 27,340 |
| | tank | 3,960 |
| CNW 132559 | dehairing machine | 27,340 |
| | tank | 2,400 |
| CNW 132426 | tanks | 33,420 |

The lawful tariff applicable to shipments of used machinery is $1.16 per hundred pounds. The lawful tariff applicable to shipments of scrap material is $.71 per hundred pounds for items shipped on cars numbered MSL 23783, CNW 44505, BO 352905, CNW 132559 and CNW 132426, and is $.46 per hundred pounds for items shipped on cars numbered OTTX 91426 and CGW 71010. A surcharge of 2.5 per cent of the total amount due is to be added to the applicable tariff on either used machinery or scrap material.

Defendant's liability for payment of the appropriate tariff is not contested. The issue to be determined is whether the material shipped to defendant should be categorized as used machinery subject to the higher tariff, as plaintiff contends, or whether the materials were actually scrap materials subject to lower tariffs, as defendant contends.

The evidence submitted to the Court regarding the nature of the items shipped included a partial invoice used to prepare the bill of lading (Exhibit No. 1), the deposition of an officer of the vendor of the material shipped (Exhibit No. 2) and the stipulation of the parties concerning the ultimate use to which the items were put (Filing No. 12). The parties disagree as to the proper inferences to be drawn from this evidence.

Plaintiff contends that the material which was purchased by defendant, a meatpacker, from another meatpacking plant, and which was consistently referred to as "used equipment," ought to be treated as the vendor and purchaser treated it, that is, used machinery. Defendant contends, on the other hand, that material purchased from a wrecking company, which was not operable or serviceable at the time of sale, and which was cut into various sized pieces, ought to be treated as "scrap material," particularly where, as here, the vendor had intended to scrap the items if they were not purchased by defendant.

■ The true nature and character of each shipment at the time tendered to the carrier determines its status for rate purposes. *Great Northern Railway Company v. United States*, 178 Ct.Cl. 226 (1967); *Sonken-Galamba Corp. v. Union Pacific Railroad Co.*, 145 F.2d 808 (10th Cir. 1944). In determining the character of the items shipped, the Court may consider among other things the general nature of the mass of material from which the shipment comes, the predominant use or value of the items shipped, their condition at the time of shipment, and the use to which they were ultimately put. No one factor is determinative of the recognized commercial value of the items at the time of shipment. *Sonken-Galamba Corp. v. Union Pacific Railroad Co.*, supra; *Crancer v. Lowden*, 121 F.2d 645 (8th Cir. 1941); *United States v. Francis*, 320 F.2d 191 (9th Cir. 1963).

■ Plaintiff here has assumed the burden of proving that the items shipped had a recognized commercial value other than as scrap material. It has long been established that:

Scrap iron consists of old, worn-out, obsolete, broken and cut iron or dismantled machinery, and parts thereof, entirely unfit for original use and having no commercial value except for remelting purposes.

*Atchison, Topeka and Santa Fe Railroad Co. v. United States ex rel. Sonken-Galamba Corp.*, 98 F.2d 457 (8th Cir. 1938).

■ From the record it appears that defendant selected and purchased specific items of used machinery, dismantled those items for shipment, and then reconditioned them and put them back into use. That defendant did not purchase these materials solely for their metal content, which would be consistent with a determination that the items were scrap, is evidenced by the purchase price, which is not based upon gross weight, except for the valves and tanks. While the machines themselves were not operable at the time of sale, they were subsequently reconditioned and put back into use in the manner for which they were originally designed. The fact that other machines, tanks, and pipe were purchased by packing houses in Canada suggests that a commercial market other than for remelting did exist for items similar to those purchased by defendant.

In sum, the Court concludes that the seven carloads of material delivered to defendant should be regarded as used equipment rather than scrap iron and the tariff applicable to used machinery should be collected by plaintiff. As the total weight of the material shipped was 348,100 pounds, plaintiff is entitled to collect from defendant the sum of $4,138.90 and a separate judgment to that effect will be entered this day.